UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MORRIS B. GILCHREST, Petitioner, v. WILLIAM GORE, Sheriff, Respondent. | Case No.: 17-CV-668-DMS-WVG<br><br>**REPORT AND RECOMMENDATION GRANTING RESPONDANT'S MOTION TO DISMISS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF NO. 13]** |
|---|---|

# **I. <u>INTRODUCTION</u>**

On August 16, 2017, Petitioner Morris Gilchrest ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a First Amended Petition for Writ of Habeas Corpus ("FAP") pursuant to 28 U.S.C. § 2254, challenging his conviction for possession of methamphetamine for sale. (ECF No. 8) On October 16, 2017, Respondent William Gore filed a Motion to Dismiss the FAP arguing that Petitioner's claims are not ripe for federal review because he has not exhausted his state remedies. (ECF No. 14) Petitioner did not file an opposition.

For the reasons discussed below, the court **RECOMMENDS** the motion be **GRANTED** and the Petition **DISMISSED WITHOUT PREJUDICE**.

## II. BACKGROUND

### A. State Court Proceedings

On September 22, 2014, Petitioner pled guilty to possession of methamphetamine for sale and admitted that he had three prior drug-related convictions and a prison prior. (Lod. 2, ECF No. 14-3 at 1.) At an unspecified later date, Petitioner was released from custody and placed on probation. (*Id.*) On January 17, 2017, the state trial court found that Petitioner had violated the terms of this probation and sentenced him to prison for a term of eight years including three years in custody and five years of mandatory supervision (*Id.*)

On March 2, 2017, Petitioner filed a Petition for Writ of Habeas Corpus in San Diego County Superior Court claiming ineffective assistance of counsel, "judicial misconduct," and actual innocence. (*Id.* at 2.) On April 6, 2017, the San Diego County Superior Court denied the petition. (*Id.* at 4.)

On April 12, 2017, Petitioner filed a second Petition for Writ of Habeas Corpus in San Diego County Superior Court claiming: 1) illegal sentencing and the court's sentence violating the "'double base term' sentencing regime;" 2) ineffective assistance of counsel; 3) California Proposition 57 violated the Fourteenth Amendment's due process and equal protection clauses; and 4) the state court misapplied custody credits. (Lod. 4, ECF No. 14-5.) On April 25, 2017, the San Diego County Superior Court summarily denied the petition as successive. (*Id.* at 3.)

On April 24, 2017, one day prior to the Superior Court's ruling on Petitioner's second petition, Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of California. (Lod. 6, ECF No. 14-6.) On July 12, 2017, the California Supreme Court denied the petition, citing *In re Swain*, 34 Cal.2d 300, 304, 209 P.2d 793 (1949), and *People v. Duvall*, 9 Cal.4th 464, 474, 37 Cal.Rptr.2d 259, 886 P.2d 1252 (1995). (Lod. 6, ECF No. 14-7.)

### B. Federal Court Proceedings

On March 31, 2017, Petitioner filed a Petition for Writ of Habeas Corpus in federal

court. (ECF No. 1.) On April 11, 2017, the first petition was dismissed without prejudice for failing to name a proper respondent and failing to exhaust state court remedies. (ECF No. 3.) On July 26, 2017, Petitioner filed his FAP. (ECF No. 8.)

On October 16, 2017, Respondent filed the present Motion to Dismiss First Amended Petition for Writ of Habeas Corpus. (ECF No. 13.) On November 13, 2017, Petitioner filed a motion requesting an extension of time by which to file an opposition. (ECF No. 15.) On January 8, 2018, the Court granted Petitioner's motion, extending the deadline of Petitioner's responsive filing to January 31, 2018. (ECF No. 17.) The deadline passed without Petitioner filing a response.

## III. LEGAL STANDARD

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). "A petitioner must properly exhaust his state remedies by fairly presenting his federal claim in the state courts and thereby giving those courts an opportunity to act on his claim." *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003). "A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the" Supreme Court of California. *Pombrio v. Hense*, 631 F.Supp2.d 1247, 1250 (C.D. Cal. 2009). "A claim is not fairly presented if it is raised 'in a procedural context in which its merits will not be considered' absent special circumstances." *Id*. at 1251 (quoting *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

"[T]he California Supreme Court's denial of a habeas petition with citations to *Swain* and *Duvall* in conjunction [is], in effect, the grant of a demurrer, i.e., a holding that the petitioner has not pled facts with sufficient particularity." *Curiel v. Miller*, 830 F.3d 854, 869 (9th Cir. 2016) (en banc) (quotation omitted). Denials citing *Swain* and *Duvall* involve correctable defects that may be amended or renewed with the Supreme Court of California. *See Pombrio*, 631 F.Supp.2d at 1252-53. Claims that may be amended or renewed have not been properly exhausted for federal habeas purposes. *Id*.

| | |
|---|---|
| 1 | The burden of demonstrating that all state claims have been exhausted rests with the |
| 2 | petitioner. *See Kim v. Villalobos*, 799 F.2d 1317, 1319-20 (9th Cir. 1986) |

### IV. DISCUSSION

Petitioner's petition for was denied by the California Supreme Court with citations to *Swain* and *Duvall*. Accordingly, those claims have not been properly exhausted for federal habeas purposes. Petitioner, in failing to file an opposition to the present motion, has not demonstrated all of the claims have otherwise been exhausted.

Thus, the Court finds Petitioner has not exhausted all of his claims with the state court. Accordingly, the Court **RECOMMENDS** the motion to dismiss be **GRANTED** and the Petition **DISMISSED WITHOUT PREJUDICE**.

### V. RECOMMENDATION

For the aforementioned reasons, the Court **RECOMMENDS** that Respondent's motion to dismiss the FAP be **GRANTED** and Petitioner's FAP be **DISMISSED WITHOUT PREJUDICE**. This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**It is ordered** that no later than **June 28, 2018**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**It is further ordered** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 12, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS ORDERED**.

Dated: May 23, 2018

_____
Hon. William V. Gallo
United States Magistrate Judge