UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS B. GILCHRIST,<br><br>         Petitioner,<br><br>v.<br><br>WILLIAM GORE, Sheriff,<br><br>         Respondent. | Case No.: 3:17-cv-00668-GPC-WVG<br><br>**ORDER**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION [ECF No. 18]; and**<br><br>**(2) GRANTING RESPONDENT'S MOTION TO DISMISS [ECF No. 13]** |

  On August 16, 2017, Petitioner Morris B. Gilchrest ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a First Amended Petition for a Writ of Habeas Corpus ("Amended Petition") in this Court. (Dkt. No. 8.) Petitioner challenges his incarceration resulting from a conviction of possession of methamphetamine for sale. (*Id.*) On October 16, 2017, Respondent William Gore ("Respondent") filed a motion to dismiss the Petition, arguing that Petitioner has not exhausted state court remedies. (Dkt. No. 13.) Petitioner did not file an opposition. On May 23, 2018, Magistrate Judge William V. Gallo issued a Report and Recommendation ("R&R") recommending that this Court grant the motion to dismiss. (Dkt. No. 18.) Neither party filed an objection to the R&R.

  For the reasons set forth below, the Court adopts the R&R and grants Respondent's Motion to Dismiss. The Amended Petition is dismissed without prejudice.

I.   **Background**

On September 22, 2014, Petitioner pleaded guilty to possession of methamphetamine for sale. (Dkt. No. 14-5 at 1.) Petitioner's plea bargain included a maximum punishment of eight years in state prison. (*Id.*) He was sentenced to three years in state custody and five years of mandatory supervision. (*Id.* at 1-2.)

On March 2, 2017, Petitioner filed a petition for a writ of habeas corpus in San Diego Superior Court, in which he asserted ineffective assistance of counsel, judicial misconduct, and actual innocence. (Dkt. No. 14-2.) On April 6, 2017, the San Diego Superior Court denied the petition, finding that: (1) Petitioner failed to make a prima facie showing of actual innocence or ineffective assistance of counsel, and (2) his claim of judicial misconduct lacked factual allegations and was vague, conclusory, and speculative. (Dkt. No. 14-3.)

On April 12, 2017, Petitioner filed a second petition for a writ of habeas corpus in San Diego Superior Court, asserting: (1) a sentencing enhancement he received was unlawful; (2) ineffective assistance of counsel; (3) violations of the Fourteenth Amendment; and (4) that he should have received certain custody credits. (Dkt. No. 14-4.) On April 25, 2017, the Superior Court denied the petition. (Dkt. No. 14-5.) The court found: (1) Petitioner's claims were untimely; (2) Petitioner failed to justify filing multiple petitions; and (3) even considering Petitioner's claims on the merits, they were unfounded. (*Id.*)

On April 24, 2017—one day before the Superior Court's ruling on the second petition—Petitioner filed a habeas petition in the Supreme Court of California asserting the same claims made in his second Superior Court petition. (Dkt. No. 14-6.) On July 12, 2017, the Supreme Court of California summarily denied the petition by citing two cases: *People v. Duvall*, 886 P.2d 1252 (Cal. 1995), for the proposition that "a petition for writ of habeas corpus must include copies of reasonably available documentary evidence," and *In re Swain*, 209 P.2d 793 (Cal. 1949), for the proposition that "a petition

for writ of habeas corpus must allege sufficient facts with particularity." (Dkt. No. 14-6.)

Petitioner filed a federal habeas petition in this Court on March 31, 2017. (Dkt. No. 1.) The Court sua sponte dismissed the petition, however, because it failed to name a proper respondent and failed to allege that Petitioner has exhausted his state remedies. (Dkt. No. 3.) Petitioner filed his Amended Petition on August 16, 2017. (Dkt. No. 8.) The Amended Petition lists just one claim, which appears to be the same Fourteenth Amendment claim Petitioner asserted in the petition he filed in the Supreme Court of California. (*Id.* at 6.) Attached to the Amended Petition, however, is a copy of Petitioner's second Superior Court petition, which suggests he might also be asserting the other three claims raised in state court.

## II. Standard of Review

### a. Review of Magistrate Judge's Report and Recommendation

The Court may "accept, reject, or modify" the recommendation in whole or in part, receive more evidence, or return it to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). The Court engages in de novo review of aspects of the R&R to which an objection has been made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment.

### b. Exhaustion

Federal courts may not grant habeas relief to a state prisoner unless that prisoner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). A petitioner has satisfied the exhaustion requirement if: (1) he has "fairly presented" the claim at issue to the highest state court with jurisdiction to consider it; or (2) no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). It is Petitioner's burden to show that he has exhausted his state court remedies. *Rollins v. Sup. Ct. of Los Angeles*, 706 F. Supp. 2d 1008, 1011

3

(C.D. Cal. 2010); *Hess v. Ryan*, 651 F. Supp. 2d 1004, 1025-26 (D. Ariz. 2009).

### III. Discussion

In the instant motion, Respondent argues that Petitioner has not alleged that he has exhausted his available state court remedies.[1] Respondent contends that the Supreme Court of California's citation to *Swain* and *Duvall* was an invitation for Petitioner to file an amended petition. (ECF No. 13-1 at 5.) Because Petitioner has the opportunity to file an amended or renewed petition with the Supreme Court of California, Respondent contends, Petitioner has not demonstrated exhaustion of his state remedies.

According to the Ninth Circuit, "the California Supreme Court's denial of a habeas petition with citations to *Swain* and *Duvall* in conjunction [is], in effect, the grant of a demurrer, i.e., a holding that the petitioner has not pled facts with sufficient particularity." *Curiel v. Miller*, 830 F.3d 864, 869 (9th Cir. 2016) (en banc) (quoting *Gaston v. Palmer*, 417 F.3d 1030, 1039 (9th Cir. 2005)). In *Swain*, the Supreme Court of California denied a petition on the ground that the petition failed to "allege with particularity the facts upon which he would have a final judgment overturned"; in *Duvall*, the court "reiterated that a habeas petitioner must 'state fully and with particularity the facts on which relief is sought' and 'include copies of reasonably available documentary evidence supporting the claim.'" *Id.* at 869 (quoting *Duvall*, 886 P.2d at 1258, and *Swain*, 209 P.2d at 795–96). While the *Swain* court denied the petition on the ground that it lacked sufficient factual allegations, the court did so without prejudice, thereby inviting the petitioner to file another petition. 209 P.2d at 796 ("The application for the writ is denied without prejudice to the filing of a new petition which shall meet the requirements above specified."). Because the *Swain* court dismissed that petition without prejudice,

---

[1] Respondent also notes that Petitioner's claim regarding the illegality of his sentencing enhancement is not a cognizable federal habeas claim because it invokes only state law. (Dkt. No.13-1 at 4.) The R&R did not address this argument. Because the Court agrees that the Amended Petition should be dismissed for other reasons, the Court need not address this issue.

4

the Ninth Circuit has interpreted the Supreme Court of California's denials of habeas petitions with citations to *Swain* and *Duvall* as an invitation for the petitioner to refile his petition after adding more factual and documentary bases for his claims. *See Seeboth v. Allenby*, 789 F.3d 1099, 1104 n.3 (9th Cir. 2015) ("We have held that citation to *Duvall* and *Swain together* constitutes 'dismissal without prejudice, with leave to amend to plead required facts with particularity." (emphasis in original) (quoting *Cross v. Sisto*, 676 F.3d 1172, 1177 (9th Cir. 2012)).

As noted above, the Supreme Court of California denied Petitioner's petition citing *Swain* and *Duvall*. In light of the Ninth Circuit's interpretation of such a denial, it appears that Petitioner has the opportunity to refile his petition with the Supreme Court of California.[2] As a result, the Court agrees with the R&R that Petitioner has failed to allege exhaustion and that the Amended Petition must be dismissed without prejudice.

### IV. Conclusion

For the foregoing reasons, the Court ADOPTS Magistrate Judge Gallo's Report and Recommendation. Respondent's Motion to Dismiss is GRANTED. The Amended Petition is DISMISSED without prejudice. If Petitioner wishes to file a Second Amended Petition, he may do so within 21 days of the date this order is filed.

**IT IS SO ORDERED.**

Dated: July 30, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] It should be noted that if a federal habeas petitioner contends that his claims were "incapable of being alleged with any greater particularity" than what was presented to the Supreme Court of California, the district court should determine whether the state habeas petition fairly presented to the Supreme Court of California the same claim (or claims) that is (or are) presented in the federal petition. *See Kim v. Villalobos*, 799 F.2d 1317, 1319–20 (9th Cir. 1986) ("The state courts, by denying a writ for lack of particularity when the claims are alleged with as much particularity as is practicable, cannot forever preclude the petitioner from reaching federal court."). Petitioner here, however, does not make such an assertion. If Petitioner believes that he cannot plead his claims with any more particularity than what he presented to the Supreme Court of California, he should file a Second Amended Petition that explains why he cannot add further particularization to the petition he filed in the Supreme Court of California.